## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Brigette Mercadel** | § | |
| | § | |
| *Plaintiff* | § | **CIVIL ACTION NO._____** |
| | § | |
| **V.** | § | |
| | § | |
| **Transocean Offshore Deepwater Drilling, Inc.** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Brigette Mercadel complains of Transocean Offshore Deepwater Drilling, Inc., defendant, and states as follows:

### I.    PARTIES

1.    Plaintiff, Brigette Mercadel, is an individual and citizen of the state of Louisiana. At all times relevant to this suit until her termination effective October 15 2015, she was employed by Transocean Offshore Deepwater Drilling, Inc..

2.    Defendant, Transocean Offshore Deepwater Drilling, Inc., (hereinafter. "Transocean") is an offshore drilling company conducting business in Texas.

### II.    JURISDICTION

3.    The court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claim of sex, sexual orientation, and race discrimination and retaliation because these actions arise under federal law via Title VII of the Civil Rights Act of 1964.

1

### III.   VENUE

4.      Venue is proper in the Southern District of Texas, Houston Division because the defendant resides there.

### VI.   FACTS

5.      Mercadel is a homosexual, African-American female, who was a former employee of the defendant.

6.      Until 2015, Plaintiff worked as an Able Bodied Seaman onboard the Deepwater Invictus (the "Invictus"), one of Transocean's drillships.

7.      While working onboard the Invictus, she suffered discrimination and harassment on the basis of her race, sex, and sexual orientation at the hands of Darren Haefele, the chief mate on the Invictus.

8.      She initially complained to the captain of the Invictus, Brian Bowman, and to the rig manager for the Invictus, Mike Blue.

9.      When neither party did anything to remedy her situation, she complained to Transcoean complaint hotline, specifically noting that she had been the victim of race, sex, and sexual orientation discrimination.

10.     She was thereafter placed on paid leave while an investigation into the conduct occurring on board the Invictus was conducted.

11.     The investigation was completed in May 2015, and the result of the investigation was Transocean's position that no wrongdoing had occurred on the Invictus.

12.     Upon completion of the investigation, plaintiff was first given the option of returning to the Invictus, the site of her torment, or being demoted to Ordinary Seaman onboard the Deepwater Asgard, another Transocean drillship.

13. Knowing how hard she had worked to earn the title of Able Bodied Seaman, she informed Transocean that she would elect to return to the Invictus rather than accept a demotion.

14. Shortly after informing Transocean of her decision, she was contacted by Transocean's Human Resources department, telling her that returning to the Invictus was a bad idea, and instead recommending that she take an Able Bodied Seaman position onboard the Discoverer Deep Seas (the "Deep Seas"), another Transocean drillship.

16. Though this position was to be an extra Able Bodied Seaman (rather than one who was in a normal rotation) and would require her to have a mentor and be evaluated after every hitch (unlike her position on the Invictus), she begrudgingly accepted it so that she would not lose her title as able bodied seaman.

17. She began working on the Deep Seas in June 2015.

18. She received good reviews for her performance on the Deep Seas and had the support of her co-workers in her efforts to earn a permanent position.

19. Even after a non-extra Able Bodied Seaman position became available on the Deep Seas (due to the resignation of one of her mentors), and despite her good reviews, the non-extra Able Bodied Seaman position went to a white male who was brought to the Deep Seas from another Transocean vessel.

20. She was then fired from her employment with Transocean, effective October 15, 2015.

21. Plaintiff filed a charge of discrimination in February 2016 (a copy of which is attached hereto as Exhibit "A"), received a Notice of Right to Sue letter in September 2016 (a copy of which is attached hereto as Exhibit "B"), and instituted this action within 90 days of receiving the aforementioned Notice of Right to Sue letter.

## V.     CAUSE OF ACTION

### Count One – Sex and/or Sexual Orientation Discrimination in Violation of Title VII of the Civil Rights Act of 1964

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23.     The Defendant's conduct as alleged above, specifically, passing her over for a full Able Bodied Seaman position on the Deep Seas and terminating her from Transocean, constitutes sex and/or sexual orientation discrimination in violation of Title VII of the Civil Rights Act of 1964. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

### Count Two – Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     The Defendant's conduct as alleged above, specifically, passing her over for a full Able Bodied Seaman on the Deep Seas and terminating her from Transocean, constitutes race discrimination in violation of Title VII of the Civil Rights Act of 1964. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

### Count Three – Retaliation in Violation of Title VII of the Civil Rights Act of 1964

26.     The foregoing paragraphs are incorporated by reference for all purposes.

27.     The Defendant's conduct as alleged herein following her complaints regarding the treatment she endured on the Invictus, specifically, demoting her to an inferior position the Deep Seas, passing her over for a full Able Bodied Seaman position on the Deep Seas, and terminating her employment with Transocean, constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the court award her:

a.  Back wages;

b.  Future wages;

c.  Compensatory damages;

d.  Punitive damages;

e.  Attorney's fees;

f.  Costs and expenses; and

g.  Other damages and further relief as deemed just.

## VII.    JURY DEMAND

The plaintiff requests trial by jury on all issues herein.

Respectfully submitted,

**PANDIT LAW, LLC**.

By:

**DARREN A. PATIN**
**U.S.D.C. S.D. Texas Bar #680639**
**La State Bar#23244**
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:        (504) 313-3800
Facsimile:        (504) 313-3820
Attorney for Plaintiff, **Brigette**
**Mercadel**